FILED
2026 Jun-10 PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

FILED
2026 JUN -4 A 10:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**ANTHONY T. LEE, et al.,**

**Plaintiffs,**

**UNITED STATES OF AMERICA,**

**Plaintiff-Intervenor,
And Amicus Curiae,**

**NATIONAL EDUCATION ASSOCIATION, INC.**

**Plaintiff-Intervenor,**

**v.**

**MACON COUNTY BOARD OF EDUCATION, et al. (St. Clair County Board of Education),**

**Defendants.**

**CIVIL ACTION NO. CV70-251-S**

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff-Intervenor the United States of America ("the United States") and Defendant St. Clair County Board of Education (collectively, the "Parties") respectfully submit this joint stipulation of dismissal with prejudice of this action as to Defendant St. Clair County Board of Education and respectfully request this court to enter the order appended hereto pursuant to Federal Rule of Civil Procedure 41(a)(2). In support, the Parties state as follows:

**Procedural History**

The plaintiffs, several Alabama school children, filed the original complaint in this case in January 1963. The defendants eventually included the State of Alabama, officials of the State,

and 90 public school districts including St. Clair County Board of Education (hereinafter, "St. Clair"). The United States joined as a plaintiff-intervenor on July 16, 1963. The plaintiffs alleged that Defendants operated racially dual systems of public education in violation of the Fourteenth Amendment and Title IV of the Civil Rights Act of 1964. U.S. Const. amend. XIV; 42 U.S.C. § 2000-6.

On March 22, 1967, the Court ordered St. Clair to desegregate. St. Clair then developed a desegregation plan and filed it with the Court, which was approved in a March 31, 1970 order. This order also transferred jurisdiction of this case to a single judge in the Northern District of Alabama, Eastern Division.

On December 8, 1976, the Court dissolved the Regulatory Injunction for St. Clair and replaced it with a Consent Order ("1976 Consent Order"). A copy of the 1976 Consent Order is attached as Exhibit "A." The 1976 Consent Order states that St. Clair County schools "have been operating a unitary school system for the past three years, and that all litigation pertaining to compliance with the orders of the Court have been satisfactorily resolved." (Emphasis added) *See* Ex. A. at 1.

For 24 years thereafter no judicial activity took place, nor was any necessary because of the good faith compliance by the St. Clair County Board of Education. On April 17, 2000, St. Clair filed a "Motion to Modify" the 1976 Consent Order. In that motion, St. Clair requested permission to build a new high school in the town of Springville, AL because the existing high school was no longer big enough.

Only one week later, on April 25, 2000, the Court issued an order denying the motion to modify the 1976 Consent Order. The Court ruled that "court intervention is not required. The system is unitary. There is no petition or motion for contempt of the December 8, 1976,

injunction. Any other remedy sought by objectors to the proposed plan would be the basis for filing a new civil action." A copy of the Order is attached hereto as Exhibit "B".

On May 9, 2000, the United States filed a motion to clarify the April 25, 2000 order. In that motion, the United States did not express any concerns with St. Clair County School's plan to build a new high school. The United States at the time did express the theoretical concern that "if the plaintiff parties objected to the construction of a new high school facility at a new site by the St. Clair County Board of Education, it would be appropriate to bring those concerns to this Court through a motion to reactivate the case [rather than a new lawsuit]," No objection was raised by the United States or any other party to St. Clair's high school construction plan, either before or after the April 25, 2000 order.

The docket reveals no further court activity, and the Court never issued a ruling on the United States' motion. In fact, no further court activity has taken place for the past 26 years.

**Joint Stipulation for Dismissal**

The United States and St. Clair County stipulate and agree that St. Clair has fully desegregated and that the school district has achieved unitary status and has been so for at least the last 30 years. This Court declared as much in 2000 when it stated that any future litigation challenging this "would be the basis for filing a new civil action."

As the Supreme Court has said, "from the very first, federal supervision of local school systems was intended as a temporary measure to remedy past discrimination," not to "condemn a school district, once governed by a board which intentionally discriminated, to judicial tutelage for the indefinite future." *Bd. of Educ. of Oklahoma City Public Schools v. Dowell*, 498 U.S. 237, 247–49 (1991). "No single tradition in public education is more deeply rooted than local control over the operation of schools." *Milliken v. Bradley*, 418 U.S. 717, 741 (1974).

Wherefore, the Parties jointly request, pursuant to Rule 41(a)(2), that this Court dissolve all remaining injunctions against the Defendant St. Clair County Board of Education and dismiss this case with prejudice after 56 years.

Respectfully submitted,

FOR DEFENDANT
ST. CLAIR COUNTY BOARD OF
EDUCATION

By: s/ John W. Rea

John W. Rea
Alabama Bar No. ASB-6406-N72R
Trussell, Funderburg, Rea, Bell &
Furgerson, P.C.
1905 First Avenue South
Pell City, AL 35125
Telephone: (205) 338-7273
Email: jrea@tfrbf.com

FOR PLAINTIFF
UNITED STATES OF AMERICA

HARMEET K. DHILLON
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

By: s/ Peter M. Feaman
PETER M. FEAMAN
Senior Counsel
Florida Bar No. 260347
BENJAMIN H. OGILVIE
District of Columbia Bar No. 90039742
Counsel
Educational Opportunities Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Telephone: (202) 322-8375
Email: benjamin.ogilvie@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 3, 2026, the foregoing was electronically submitted to the Clerk of the Court. I further certify that on June 3, 2026, I electronically served the foregoing upon counsel of record below for St. Clair County Board of Education:

John W. Rea
Alabama Bar No. ASB-6406-N72R
Trussell, Funderburg, Rea, Bell & Furgerson, P.C.
1905 First Avenue South
Pell City, AL 35125
Telephone: (205) 338-7273
Email: jrea@tfrbf.com

By: *s/ Peter M. Feaman*
Peter M. Feaman

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 APR 25 AM 8:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 25 2000

ANTHONY T. LEE, ET AL., )

Plaintiffs, )

UNITED STATES OF AMERICA, )

Plaintiff Intervenor and Amicus Curiae, )

NATIONAL EDUCATION ASSOCIATION, INC., )

Plaintiff Intervenor, )

VS. ) CV70-251-S

MACON COUNTY BOARD OF EDUCATION, ET AL., )

Defendants. ) ST. CLAIR COUNTY BOARD OF EDUCATION

**ORDER**

On December 8, 1976, United States District Judge Sam C. Pointer, Jr. entered an order stating that the St. Clair County School System had been operating a unitary system for the past three years and that all litigation pertaining to compliance with court orders in this action had been resolved satisfactorily. Further, a permanent injunction was entered which included the following language in paragraph 2:

> d) All school construction, school consolidation and site selection (including the location of any temporary classrooms) in the system shall be done in a manner which will prevent the reoccurrence of the dual school structure.

The St. Clair County Board of Education has filed a motion to modify which seeks modification to prior orders and decrees so as

Received
MAY 1 2000
164-1-66

to allow the St. Clair County School System to relocate the high school facility. In view of the entry of the December 8, 1976 order, the court is of the opinion that court intervention is not required. The system is unitary. There is no petition or motion for contempt of the December 8 1976 injunction. Any other remedy sought by objectors to the proposed plan would be the basis for filing a new civil action.

The motion to modify is DENIED.

DONE this 25th day of April, 2000.

United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ALABAMA

EASTERN DIVISION

ANTHONY T. LEE, et al.,

Plaintiffs,

UNITED STATES OF AMERICA,

Plaintiff-Intervenor and Amicus Curiae,

NATIONAL EDUCATION ASSOCIATION,

Plaintiff-Intervenors,

v.

MACON COUNTY BOARD OF EDUCATION, et al.,

Defendants.

FILED IN CLERK'S OFFICE
ORTHERN DISTRICT OF ALABAMA

DEC 8 1976

JAMES E. VANDEGRIFT, CLERK
NITED STATES DISTRICT COURT

CIVIL ACTION NO. 70-251-S

ORDER

It having been shown to the satisfaction of this Court that the St. Clair County School System has been operating a unitary school system for the past three years, and that all litigation pertaining to compliance with the orders of the Court have been satisfactorily resolved, this Court, deeming it proper so to do, HEREBY ORDERS, ADJUDGES AND DECREES that:

1. The detailed regulatory injunctions issued by this Court and by the United States District Court for the Middle District of Alabama as against the St. Clair County School System, the individual board members and the superintendent thereof, with the exception of this Court's Order of July 18, 1975, are dissolved and the permanent injunction in paragraph 2,

169-1-66

below substituted.

2. The above-named defendant school district, the individual board members and the superintendent thereof, are permanently enjoined from operating a dual system of racially identifiable schools. In addition, operation of the above-named defendant school district shall be subject to the following provisions:

a) Defendants shall take no action which tends to segregate or otherwise discriminate against students or faculty by or within school on the basis of race, color, or national origin.

b) Staff members who work directly with children, and professional staff who work on the administrative level will be hired, assigned, promoted, paid, demoted, dismissed, and otherwise treated without regard to race, color, or national origin.

c) Bus routes and the assignment of students to buses will be designed to ensure the transportation of all eligible pupils on a nonsegregated and otherwise nondiscriminatory basis.

d) All school construction, school consolidation and site selection (including the location of any temporary classrooms) in the system shall be done in a manner which will prevent the reoccurrence of the dual school structure.

e) If the school district grants transfers to students living in the district for their attendance at public schools outside the district, or if it permits transfers into the district of students who live outside the district, it shall do so on a non-discriminatory basis, except that it shall not consent to transfers where the cumulative effect will reduce desegregation in either district.

3. The actions pertaining to the above-named district are hereby placed on the inactive docket of this Court subject to being re-activated on proper application by any party, or on the Court's motion, should it appear that further proceedings are necessary.

4. All terms and conditions of this Court's July 18, 1975 Order in this cause, including reporting provisions, remain in full force and effect until further Order of this Court.

The provisions of previous orders in this case as they relate to other defendants not named in paragraph 1, above, remain in full force and effect and are in no way affected by this Order.

DONE this 8th day of December, 1976.

SAM C. POINTER, JR.
SAM C. POINTER, JR.
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY T. LEE, et al.,**<br><br>**Plaintiffs,**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Plaintiff-Intervenors, And Amicus Curiae,**<br><br>**v.**<br><br>**MACON COUNTY BOARD OF EDUCATION, et al. (St. Clair County Board of Education),**<br><br>**Defendants.** | **CIVIL ACTION NO. CV70-251-S** |

**ORDER DISMISSING CASE WITH PREJUDICE**

This Court has considered Plaintiff, the United States of America, and Defendant, St. Clair County Board of Education's Joint Stipulation of Dismissal with Prejudice pursuant to FRCP 41(a)(2) filed on June 3, 2026.

Accordingly, it is hereby ORDERED and ADJUDGED that:

1. The Stipulation for Dismissal with Prejudice is hereby ACCEPTED.

2. The Court's jurisdiction over this matter is terminated, and the case is hereby DISMISSED WITH PREJUDICE as to the Defendant, St. Clair County Board of Education.

3. All prior injunctions and orders entered in this case as to St. Clair County Board of Education are DISSOLVED.

4. The Clerk shall enter judgment stating, "This case is DISMISSED with prejudice as to St. Clair County Board of Education," and close the file.

SO ORDERED on ____________________.

________________________________
United States District Judge